UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WILLIE G. POWELL, #03818-068,

        Petitioner,                                    Case No. 10-CV-14350
                                                            Honorable Denise Page Hood

v.

J. S. WALTON,

        Respondent.
_____/

## **OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Willie G. Powell, a federal inmate currently incarcerated at the Federal Correctional Institution in Milan, Michigan, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that he is incarcerated in violation of his constitutional rights. For the reasons set forth below, the Court will summarily dismiss the petition.

**I.**

On October 3, 2007, Petitioner pled guilty in the United States District Court for the Southern District of Ohio to (1) possession with intent to distribute over five kilograms of cocaine, in violation of 21 U.S.C. §§ 841 (a)(1) & (b)(1)(A)(ii), and (2) possessing a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924 (c)(1)(A). On April 10, 2008, he was sentenced to 235 months in prison for the possession-of-a-firearm-during-a-drug-trafficking-crime conviction, to be served consecutively to his prison term for possession-with-intent-to-distribute-cocaine conviction. Petitioner alleges that his sentence for that conviction was imposed in violation of the "except clause" under section 924 (c) and under the Sixth Circuit's controlling precedents. He argues that his sentence must be reduced by five years because "he is actually innocent of the sentencing penalty for § 924 (c)." In his *pro se* pleadings, Petitioner asserts that he has not filed any

other petitions or motions regarding this issue.

Although Petitioner acknowledges that an attack on the validity of his consecutive sentence should be brought by filing a motion under 28 U.S.C. § 2255, to vacate, set aside, or correct the sentence in the trial court, he nonetheless filed the pending § 2241 petition, raising the above-stated claim.

## II.

### A.

Rule 4 of the Rules Governing Section 2254 Cases, provides that the Court shall promptly examine a petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The Rules Governing Section 2254 Cases may be applied at the discretion of the district court judge to petitions not filed under § 2254. *See* Rule 1(b), Rules Governing Section 2254 Cases. The Court concludes that the claim asserted by Petitioner in his petition does not warrant habeas relief.

### B.

"[C]laims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255 . . . and . . . claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241." *Charles v. Chandler*, 180 F.3d 755, 756-57 (6th Cir. 1999) (citations omitted). Petitioner's claim challenges

his conviction, and therefore is properly filed pursuant to 28 U.S.C. § 2255.

Section 2255's "savings clause" permits a petitioner to file a habeas corpus petition challenging his conviction pursuant to § 2241 rather than § 2255 in limited circumstances:

> (e) An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255 (e) (emphasis supplied).

The circumstances under which § 2255 might be deemed "inadequate" are narrow, as the "liberal allowance" of the writ under § 2241 would defeat the restrictions placed on successive petitions or motions for collateral relief imposed by 28 U.S.C. § 2244. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). "[A remedy under § 2255] is not considered inadequate or ineffective simply because § 2255 relief has been denied . . . or because the petitioner is procedurally barred from pursuing relief under § 2255 . . . or because the petitioner has been denied permission to file a second or successive motion to vacate." *Charles*, 180 F.3d at 756. The petitioner bears the burden of showing that a § 2255 remedy is inadequate. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003).

The only circumstance in which the United States Court of Appeals for the Sixth Circuit has found § 2255 to be an ineffective or inadequate remedy is when the petitioner states a facially valid claim for actual innocence. *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Martin*, 319 at 804. To establish actual innocence, a petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998); *see also Martin*, 319 F.3d at 804 (same). "Actual

3

innocence" means factual innocence, not mere legal insufficiency. *Bousley*, 523 U.S. at 624. Petitioner has made no such showing. In this case, he fails to assert any specific argument as to why his petition does not fall under § 2255's savings clause.

Petitioner may be able to raise his claims in a second or successive petition under § 2255; however, he must first obtain approval to file such a petition from the Sixth Circuit Court of Appeals. The Sixth Circuit has instructed district courts to transfer second or successive § 2255 motions filed in the district court without prior authorization to the Court of Appeals. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Where a petition is filed pursuant to § 2241, however, the Sixth Circuit has instructed courts to rule on the petition. *See Rivera v. Warden, FCI, Elkton*, 27 F. App'x 511, 516 (6th Cir. 2001); *In re Walker*, No. 00-5262, 2000 WL 1517155 (6th Cir. Aug. 4, 2000).

The Court finds that the petition is a collateral attack on Petitioner's sentence and not on its execution and should have been brought under § 2255. Petitioner has not shown that § 2255 is inadequate or ineffective to test the legality of his detention. Petitioner's habeas petition brought pursuant to § 2241 is essentially an attempt to circumvent the requirements of 28 U.S.C. § 2255.

**III.**

The Court concludes that Petitioner is not entitled to habeas corpus relief pursuant to 28 U.S.C. § 2241, because the petition is not properly filed under § 2241. Accordingly, the Court **SUMMARILY DISMISSES** the petition for a writ of habeas corpus. Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004), Petitioner
need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

                                              S/Denise Page Hood  
                                              Denise Page Hood  
                                              United States District Judge

Dated: November 30, 2010

      I hereby certify that a copy of the foregoing document was served upon Willie G. Powell, Reg. No. 03818-068, Milan Federal Correctional Institution, P. O. Box 1000, Milan, MI 48160 on November 30, 2010, by electronic and/or ordinary mail.

                                              S/William F. Lewis  
                                              Case Manager